UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 3:19-cv-1 |
| v. | ) |
| | ) Judge |
| **SHOPPES @ CHESTERFIELD, LLC,** an Ohio limited liability company | ) Magistrate Judge |
| Defendant. | ) |

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Counsel for Plaintiff, who hereby files this Complaint against the named Defendant for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. §

        1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **SHOPPES @ CHESTERFIELD, LLC**, upon information and belief, owns the property located at 1398 Conant St., Maumee, OH 43537 in Lucas County, Ohio, which is a shopping center known as "Chesterfield Plaza." Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Upon information and belief, the facility owned or operated by the Defendant is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's shopping center is a place of public accommodation. Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a

wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

8. Mr. Foster is a Fulton County, Ohio resident and frequents the parks, restaurants, shopping centers, businesses and establishments of Lucas County, Ohio and surrounding area, including the Defendant's property that form the subject of this complaint.

9. On September 21, 2018, November 10, 2018, November 16, 2018, December 11, 2018 and on previous occasions, Plaintiff patronized the Defendant's property, and he plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do.

    Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as customer and as a "tester," visited the shopping center, encountered barriers to access at the shopping center, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the shopping center without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the shopping center owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

Accessible Routes:

    A. Defendant fails to provide accessible routes into its shopping center due to non-compliant curb ramps with excessive slopes and cross slopes and changes in level in excess of ¼ inch, in violation of the ADA whose remedy is readily achievable.

    B. Entrances at retail merchants have thresholds in excess of ½ inch, in violation of the ADA whose remedy is readily achievable.

    C. There are cracks and changes in level in excess of ¼ inch along the accessible routes, in violation of the ADA whose remedy is readily achievable.

Parking Access:

    D. Defendant fails to provide a sufficient number of designated accessible parking spaces (or any designated accessible parking spaces), in violation of the ADA whose remedy is readily achievable.

    E. Designated accessible parking spaces, if any, are not distributed throughout the plaza in violation of the ADA whose remedy is readily achievable.

    F. Designated accessible parking lacks required signage, in violation of the ADA whose remedy is readily achievable.

    G. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

H. There are designated accessible parking spaces without marked adjacent access aisles, in violation of the ADA whose remedy is readily achievable.

I. There are cracks and changes in level in the designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

J. Designated accessible parking is not located on the shortest accessible routes to the retail entrances, in violation of the ADA whose remedy is readily achievable.

Five Guys:

K. There are no outdoor dining tables with clear floor space and knee and toe clearance for use by customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

L. The flush control in the men's restroom is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

M. The sales and services counters exceed the maximum allowable height of 36 inches high maximum above the finish floor, in violation of the ADA whose remedy is readily achievable.

Rib Cage Restrooms:

N. The men's and women's restrooms have non-compliant signage, lacking the international symbol of accessibility, in violation of the ADA whose remedy is readily achievable.

O. There are none or missing grab bars around the water closet in the men's restroom, in violation of the ADA whose remedy is readily achievable.

    P. The men's restroom toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

    Q. The men's restroom water closet seat height is below the required range, in violation of the ADA whose remedy is readily achievable.

    R. The men's restroom urinal is mounted above the allowable height, in violation of the ADA whose remedy is readily achievable.

    S. The door to the men's restroom requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

    T. The men's restroom lavatory lacks required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

    U. There are amenities in the men's restroom mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

    V. The mirror is mounted in excess of allowable range above the finish floor to the reflective surface, in violation of the ADA whose remedy is readily achievable.

    W. The women's restroom contains identical barriers to accessibility, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures:

    X. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public

accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The shopping center and its tenant spaces at issue, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the shopping center accessible to

and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The Defendant operates or owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. Whereas, the Chesterfield plaza parking surface was newly resurfaced and restriped in late 2018, however, no designated accessible parking spaces are present whatsoever despite the new and recent renovation. Additionally, certain eating and drinking establishment tenant spaces have no access to accessible bathroom facilities. Whereas, the Defendant entered into a new lease

with the new owner/operators at Rib Cage restaurant in 2017 but did not require compliance with disability act standards at the eating and drinking establishment which has no accessible restroom facilities.

24. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile

dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com